IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **[1] LUIS CARMONA-BERNACET,** Defendant. | CRIMINAL NO. 16-547 (FAB) JUDGE BESOSA |

### CARMONA'S REPLY TO THE GOVERNMENT'S OMNIBUS RESPONSE AND REPLY AT DOCKET 768

#### I. INTRODUCTION.

Mr. Carmona is named in a five (5) count "fourth superseding indictment" charging one (1) count of conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, U.S.C. §§ 846 and 860; one (1) count of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, U.S.C. § 924(c)(1)(A); and three (3) counts of use of a firearm during and in relation to a crime of violence resulting in murder, in violation of 8, U.S.C. § 924(j)(1).

In this reply, Mr. Carmona reasserts the arguments raised in his *Omnibus Motion to Dismiss Counts One Through Five of the Fourth Superseding Indictment or in the Alternative a Motion for a Bill of Particulars* (filed at docket 743) to oppose the government's arguments in sections I-A, I-B, I-C, and II of its *Omnibus Response and Reply* (filed at docket 768). However, Mr. Cardona elaborates his arguments opposing the admissibility of

uncharged murders as the government improperly attempts to argue that such evidence is admissible to prove the existence of an enterprise.

The government has notified its intent to introduce at trial evidence regarding both the charged murders contained in the fourth superseding indictment as well as the uncharged murders detailed below, as they apply to Mr. Carmona, to establish "the existence of [a] criminal enterprise," see *docket 768, pg. 26*:

> On or around October 21, 2004, Alméstica-Monge and Carmona- Bernacet murdered Carlos Rios-Cardona, aka "Carlos Bacalao/ Carlitos Rejas," a member of the enterprise, because he was selling drugs on the side and not providing any of the profits to the enterprise. This is an uncharged murder.
>
> On or around October 5, 2008, Carmona-Bernacet, aided and abetted by Serrano-Canales, killed Angel L. Benitez-Sanchez because, in the past, Benitez-Sanchez had belonged to another gang, and he was showing interest in a drug point of the enterprise. As a result, Benitez- Sanchez was perceived as a threat to the enterprise. This is an uncharged murder.
>
> On or around June 28, 2009, Rivera-Solis aided and abetted Burgos- Amaro and Serrano-Canales in murdering Luis De La Cruz-Martinez. Rivera-Solis commissioned Burgos-Amaro and Serrano- Canales to murder De La Cruz Martinez on behalf of Rivera-Solis. Burgos-Amaro and Serrano-Canales participated in the murder because it was expected of them because of their participation in the enterprise. Rivera-Solis murdered De La Cruz-Martinez because he had prevailed in a lawsuit over Rivera-Solis. This is an uncharged murder.

*Docket 703, pgs. 3-4; Docket 768, pgs. 5-6*.

The government's sole purpose in its desire to present evidence of these alleged uncharged murders is to show Carmona's propensity to engage in criminal conduct and has no special relevance against him. This is prohibited by Federal Rule of Evidence ("Fed. R. Evid.") 404(b). See *United States v. Lynn*, 856 F.2d 430, 436 (1st Cir. 1988). The government pretends to use murder evidence against Carmona to contaminate the jury's mind so as to infer that he must have been involved in the charged murders.

Carmona hereby moves to exclude any evidence of uncharged conduct related to the murder of Carlos Rios-Cardona, Angel L. Benitez-Sanchez, and Luis De La Cruz-Martinez. First, Carmona argues that it is not relevant to the charged offenses. Alternatively, Carmona argues that the evidence should be excluded as unduly prejudicial pursuant to Fed. R. Evid. 403. The admission of such evidence will unfairly prejudice. Here, upon admission of the uncharged conduct, there is a substantial risk the jury will convict Carmona based on emotion and because it unfairly believes he is the type of individual who would commit such violent crimes. Accordingly, this Court should prohibit the admission of such evidence.

## II. MEMORANDUM OF LAW

*A. EVIDENCE OF THE UNCHARGED CONDUCT IS NOT RELEVANT.*

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v.*

*Ramírez-Rivera*, 800 F.3d 1, 44 (1st Cir. 2015) (citing Fed. R. Evid. 401). If the evidence is not relevant, Fed. R. Evid. 402 precludes its admission and no need arises to consider its exclusion under Fed. R. Evid. 403. *United States v. Meester*, 762 F.2d 867, 874 (11th Cir. 1985). Accordingly, the evidence must be probative of the proposition it is offered to prove and the proposition "must be one that is of consequence to the determination of the action." *United States v. Dunbar*, 553 F.3d 48, 59 (1st Cir. 2009).

Here, evidence regarding the murders of Carlos Rios-Cardona, Angel L. Benitez-Sanchez, and Luis De La Cruz-Martinez should be excluded as its admission would not make Carmona's alleged participation in the charged conduct more or less probable and because the evidence is not "inextricably intertwined" with the charged offense. Specifically, evidence is inextricable intertwined when "it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Pippins*, 761 F. App'x 154, 156 (4th Cir. 2019). As alleged by the government, the charged murders occurred at entirely separate times and locations than the uncharged murders. It is unknown whether any witness, other that the codefendants themselves, of the alleged murders were present or involved during the uncharged conduct. As such, evidence of the uncharged conduct cannot form an "integral or natural part" of the witnesses' accounts as no witness may have any knowledge of the uncharged conduct and its surrounding events. The uncharged conduct

4

were events separate and apart from the charged murders and are not needed to complete explain or provide context, which each occurred at separate locations and intervals.

Furthermore, evidence of the uncharged conduct is not relevant as it will serve no other purpose other than to attempt to illustrate Carmona's alleged criminal propensity. While extrinsic evidence can be relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or character, evidence of the uncharged conduct will serve no such purpose. For example, as applied to the instant case, evidence of the uncharged conduct will not help resolve an issue of mistaken identity or prove that Carmona acted with the state of mind necessary to commit the charged offenses, or explain how a criminal relationship developed between conspirators. Rather, the evidence of the uncharged conduct is propensity evidence in sheep's clothing and thus should be excluded as irrelevant. See *Huddleston v. United States*, 485 U.S. 681, 689 (U.S. 1988) (the government may not use Rule 404(b) to "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo").

### B. ANY PROBATIVE VALUE TO THE EVIDENCE OF THE UNCHARGED CONDUCT IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE TO CARMONA.

Under Fed. R. Evid. 403, the exclusion of relevant evidence is warranted where the district court finds that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *Id*. at 875. While courts have held that

Rule 403 should be applied sparingly, they have noted that it applies most to excluding matters of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Veltmann*, 6 F.3d 1483, 1500 (11th Cir. 1993). As such, Rule 403 is meant to relax the strict rules of relevance and permit the trial judge to preserve the fairness of the proceedings by excluding evidence, which may be relevant. *United States v. Meester*, 762 F.2d 867 (11th Cir. 1985).

In addition, courts should weigh a number of factors in determining whether evidence should be properly excluded under Rule 403. For example, Rule 403 analysis requires the trial court to consider the "prosecutorial need for the evidence" and the "effectiveness or lack thereof of a limiting instruction." See *United States v. Spletzer*, 535 F.2d 950, 956 (5th Cir. 1976); see also Fed. R. Evid. 403 advisory committee note ("availability of other means of proof is an appropriate factor in considering whether to exclude evidence on grounds of unfair prejudice"). Other decisions hold the trial court should exclude evidence under Rule 403 where the court believes that there is genuine risk that the "emotions of the jury will be excited to irrational behavior." *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). This factor is especially important where the extrinsic offense resembles the uncharged offense. For example, a similarity between the offenses increases the risk of prejudice, so when the government adduces strong evidence of intent, extrinsic offense evidence should be excluded. *Id*. This is because the likelihood the jury will convict the defendant "because he is the kind of person who commits this

particular type of crime or because he was not punished for the extrinsic offense" actually increases with the increasing likeness of the offenses. *Id.*; see also *United States v. Beechum*, 582 F.2d 898, 915, n. 20 (5th Cir. 1978).

Also, this Court should exclude any evidence of the uncharged murders as they relate to Cardona as the prosecutorial need for such evidence does not outweigh the danger of unfair prejudice. Evidence of the uncharged murders should be excluded, as they will unfairly inflame the emotions of the jury. See *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (Rule 403 should exclude uncharged conduct that is … "sensational or disturbing…"). Here, the inflammatory nature and severity of the uncharged conduct could materially detract the jury's attention from the genuine issues in the case, (whether Carmona committed the charged conduct) and impose an extraneous burden upon Carmona to defend himself. For example, while the crimes charged in the fourth superseding indictment are serious by themselves, the uncharged conduct involves additional extreme conduct. If permitted, the government could introduce testimony and photographs containing gruesome and unnecessary details of the alleged murders, which have no bearing on the charges against Carmona. Such evidence would merely be cumulative and would only divert attention of the jury to the murder and away from the charged conduct. See *United States v. Ostrowsky*, 501 F.2d 318, 323 (7th Cir. 1974) (holding district court abused its discretion in admitting gruesome and unnecessary details of murder of a member of a car theft ring by other members); *United v. Al-Moayad*, 545 F.3d

7

139, 178 (2d Cir. 2008) (vacating judgment of conviction where defendants were convicted of conspiring to provide material support to a terrorist organization, and district court overruled defense counsel's Rule 403 objections and permitted prosecution to introduce evidence and testimony of defendant's alleged participation in a bus bombing in Tel Aviv, which was unrelated to the charged conduct and involved conduct which was more inflammatory and sensational than the charged crimes).

Lastly, while the uncharged conduct involves murders, the uncharged and the charged conduct are similar in that they both involve killings. As previously stated, any similarities between the charged and uncharged conduct increases the risk of unfair prejudice as the jury may inappropriately assume the defendant has a propensity to commit the uncharged violent crime or will not be punished for the uncharged conduct. Here, the uncharged conduct involves murders in a violent fashion. Thus, based on the more sensational nature of the uncharged conduct, the jury may be more likely to convict Carmona as it may improperly assume Carmona has a propensity towards violence and may escape punishment for the extrinsic crimes. Accordingly, this Court should exclude all evidence and testimony of the uncharged conduct as it will prohibit Carmona from receiving a fair trial.

### III. REQUEST FOR ORAL ARGUMENT.

Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7(h).

## IV.   CONCLUSION.

WHEREFORE, Carmona respectfully requests this Honorable Court to dismiss all Counts of the Fourth Superseding Indictment. In the alternative, Carmona requests that his Motion for a Bill of Particulars be granted and prohibit the government from eliciting any testimony or other evidence making any reference to the uncharged alleged murders. RESPECTFULLY SUBMITTED.

In Bayamón, Puerto Rico, this 7th day of February of 2022.

*s/ Jose B. Velez Goveo*
José B. Vélez Goveo
USDC 225901
Vélez & Vélez Law Office
P.O. Box 7007
Bayamón, PR 00960
T. (787) 780-4911 ext. 3
C. (787) 246-0486
Jose@velezvelezlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on this date. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ José B. Vélez Goveo*
José B. Vélez Goveo